skip to main content

Print

# CASE INFORMATION

## CV-20-938463 ALI FARAJ, DBA 3900 BUILDERS vs. OHIO CASUALTY INSURANCE CO.

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 10/21/2020 | N/A | SR | USPS RECEIPT NO. 42733113 DELIVERED BY USPS 10/13/2020 OHIO CASUALTY INSURANCE CO. PROCESSED BY COC 10/21/2020. | |
| 10/14/2020 | N/A | SR | USPS RECEIPT NO. 42733112 DELIVERED BY USPS 10/10/2020 OHIO CASUALTY INSURANCE CO. PROCESSED BY COC 10/14/2020. | |
| 10/07/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 10/07/2020 | D1 | CS | WRIT FEE | |
| 10/07/2020 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 10/07/2020 | D1 | SR | SUMS COMPLAINT(42733113) SENT BY CERTIFIED MAIL. TO: OHIO CASUALTY INSURANCE CO. DBA LIBERTY MUTUAL INS CO CSC S/A 50 WEST BROAD STREET, SUITE 1800 COLUMBUS, OH 43215-0000 | 📄 |
| 10/07/2020 | D1 | CS | WRIT FEE | |
| 10/07/2020 | D1 | SR | SUMS COMPLAINT(42733112) SENT BY CERTIFIED MAIL. TO: OHIO CASUALTY INSURANCE CO. 9450 SEWARD ROAD FAIRFIELD, OH 45014 | 📄 |
| 10/07/2020 | N/A | SF | JUDGE EMILY HAGAN ASSIGNED (RANDOM) | |
| 10/07/2020 | P1 | SF | LEGAL RESEARCH | |
| 10/07/2020 | P1 | SF | LEGAL NEWS | |
| 10/07/2020 | P1 | SF | LEGAL AID | |
| 10/07/2020 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 10/07/2020 | P1 | SF | COMPUTER FEE | |
| 10/07/2020 | P1 | SF | CLERK'S FEE | |
| 10/07/2020 | P1 | SF | DEPOSIT AMOUNT PAID DINN, HOCHMAN & POTTER, LLC | |
| 10/07/2020 | N/A | SF | CASE FILED: COMPLAINT | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.
Copyright © 2020 PROWARE. All Rights Reserved. 1.1.253

**EXHIBIT 1**



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**October 7, 2020 08:22**

By: THOMAS A. BARNI 0064555

Confirmation Nbr. 2089374

| | |
|---|---|
| ALI FARAJ, DBA 3900 BUILDERS | CV 20 938463 |
| vs. | |
| OHIO CASUALTY INSURANCE CO. | **Judge:** EMILY HAGAN |

**Pages Filed:** 11

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **ALI FARAJ** | : | CASE NO. |
| **dba 3900 Builders** | | |
| 2410 Glen Valley Drive | : | JUDGE |
| Westlake, Ohio 44145, | | |
| | : | |
| Plaintiff, | | |
| | : | |
| v. | | |
| | : | |
| **OHIO CASUALTY INSURANCE CO.** | | **COMPLAINT FOR DECLARATORY** |
| 9450 Seward Road | : | **JUDGMENT, BREACH OF CONTRACT** |
| Fairfield, Ohio 45014, | | **AND BAD FAITH** |
| | : | |
| Also serve at: | | **(Jury Demand Endorsed Hereon)** |
| | : | |
| **OHIO CASUALTY INSURANCE CO.,** | | |
| **dba Liberty Mutual Insurance** | : | |
| c/o CSC, Statutory Agent | | |
| 50 West Broad Street, Suite 1800 | : | |
| Columbus, Ohio 43215, | | |
| | : | |
| Defendant. | | |
| | : | |

Plaintiff, Ali Faraj, dba 3900 Builders ("Faraj"), for his Complaint for Declaratory Judgment, Breach of Contract and Bad Faith ("Complaint") against Defendant, Ohio Casualty Insurance Co. ("Ohio Casualty" or "Defendant"), states as follows:

### INTRODUCTION

1.  This is an action for declaratory relief and damages based on the failure of Ohio Casualty to pay promptly, fairly and in good faith, covered losses of its insured, Faraj.

1

2. Faraj is an individual and resident of Cuyahoga County, Ohio, and is the titled owner of the commercial property located at 4468-4472 Pearl Road, Cleveland, Cuyahoga County, State of Ohio.

3. Ohio Casualty is a corporation with its principal place of business in Fairfield, State of Ohio. Ohio Casualty regularly conducts business in Cuyahoga County, Ohio. Ohio Casualty does business with its subsidiaries and/or affiliates, including Liberty Mutual Insurance and Ohio Security Insurance Company.

4. All matters complained of herein arose in Cuyahoga County, Ohio; therefore, jurisdiction and venue are property before this Court.

## COUNT I

## DECLARATORY JUDGMENT

5. Faraj restates and realleges all of the allegations contained in Paragraphs 1 through 4 of his Complaint as if fully rewritten herein.

6. At all times relevant hereto, Faraj was the legal and titled owner of commercial real estate located at 4468-4470-4472 Pearl Road, Cleveland, Cuyahoga County, State of Ohio (the "Insured Property").

7. At all times relevant hereto, Ohio Casualty was a corporation and/or business engaged in doing business in Cuyahoga County as an insurer, pursuant to the general insurance laws of the State of Ohio.

8. Ohio Casualty, for and in consideration of valuable premiums paid by Faraj, issued to Faraj a Builder's Risk policy, Policy No. BM0591831632 (the "Policy") covering "direct physical loss" to the Insured Property if caused by fire, and other losses.

9. Faraj hereby incorporates the entire policy and declaration, and all endorsements, as the identifying language of the contract between Faraj and Ohio Casualty. Faraj is the named insured under the Policy. The complete Ohio Casualty Policy is not attached due to its voluminous nature, and Ohio Casualty possesses a copy of the Policy.

10. The Policy had an effective date of September 21, 2019, and expired on September 21, 2020. The Policy was written by Ohio Casualty's agent, R.L. Price Insurance Agency, Inc.

11. The Policy insured the structure/building on the Insured Property with a limit of at least $150,000.00; and a building materials limit of $1,700,000.00.

12. On December 27, 2019, during the term of the Policy, the Insured Property sustained a substantial loss due to fire (the "Date of Loss").

13. Faraj is unaware, and has no knowledge, of the cause of the fire.

14. Faraj timely reported the claim to Ohio Casualty.

15. Upon information and belief, Ohio Casualty has fully investigated the Insured Property, the destruction caused by the fire, and factors relating to its decision to deny coverage under the Policy.

16. Faraj fully cooperated with Ohio Casualty's investigation; met and provided one or more statements to Ohio Casualty; provided his cell phone records, renovation records, tax documents and others requested by Ohio Casualty; and fully disclosed his knowledge, or lack thereof, relating to the fire at the Insured Property. Faraj provided his examination under oath.

17. Faraj has fully complied with each and every term, condition, and provision of Ohio Casualty's Policy.

18. On September 3, 2020, Ohio Casualty issued a letter to Faraj denying coverage for the loss to the Insured Property. A true and accurate copy of Ohio Casualty's letter denying coverage is attached hereto as Exhibit "A".

19. An actual controversy exists between Faraj and Ohio Casualty regarding the legal rights and obligations of the parties under Ohio Casualty's Policy of insurance.

20. Faraj is entitled to entry of a judgment declaring, pursuant to Ohio Revised Code Chapter 2721, that Ohio Casualty's Policy No. BM0591831632 is a valid, binding and enforceable contract between the parties.

21. Faraj is entitled to entry of judgment, pursuant to Ohio Revised Code Chapter 2721, declaring Ohio Casualty's contractual and mandatory obligations to adjust and pay Faraj for Faraj's total covered insurable losses under Ohio Casualty's Policy.

## COUNT II

## BREACH OF CONTRACT

22. Faraj restates and realleges all of the allegations contained in Paragraphs 1 through 21 of his Complaint as if fully rewritten herein.

23. Ohio Casualty has a contractual obligation to pay for all covered damages and losses caused by fire damage during the applicable coverage period.

24. Despite Faraj's claim, Ohio Casualty has failed to pay for the substantial loss of the Insured Property due and owing under the terms of Ohio Casualty's Policy for the covered loss.

25. Ohio Casualty breached its contract with Faraj by failing to tender Faraj the full amount of contractual insurance benefits available for Faraj's covered loss.

26. Faraj further does not waive his rights under the above identified Ohio Casualty Policy by filing this action.

27. As a direct and proximate result of Ohio Casualty's breach of the contract, Faraj has sustained damages as outlined in this Complaint, in an amount to be determined at trial and believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

## COUNT III

## BAD FAITH

28. Faraj restates and realleges all of the allegations contained in Paragraphs 1 through 27 of his Complaint as if fully rewritten herein.

29. Ohio Casualty committed bad faith including, but not limited to the following: failure to exercise good faith in the processing of Faraj's claims; refusing to pay or satisfy Faraj's claims; inadequate investigation by Ohio Casualty; delay by Ohio Casualty to promptly pay an insurance claim; causing delay in the processing of Faraj's claim; engaging in a pattern of repeated dilatory conduct designed to wrongfully impede and frustrate Faraj's claims; failing to adopt and implement reasonable standards for the prompt investigation of claims arising under Ohio Casualty's insurance policies.

30. Ohio Casualty breached its duty of good faith by intentionally refusing to satisfy Faraj's claims where there is no lawful basis for the refusal.

31. Ohio Casualty breached its duty of good faith by intentionally failing to determine whether its refusal to satisfy Faraj's claims had a lawful basis.

32.     Ohio Casualty's conduct and refusal to pay Faraj the full amount of benefits due under Ohio Casualty's Policy in a timely manner was in bad faith because its refusal was not predicated upon any circumstances which would furnish reasonable justification therefor.

33.     In refusing to pay Faraj the full amounts due under Ohio Casualty's Policy in a timely manner, Ohio Casualty has acted intentionally, willfully, and/or with a conscious disregard for Faraj's rights.

34.     As a direct and proximate result of Ohio Casualty's bad faith conduct, Faraj has sustained damages in an amount to be determined at trial and believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

35.     As Ohio Casualty's conduct was wanton, willful, intentional and/or with conscious disregard to Faraj's rights, Faraj is entitled to an award of punitive damages and attorney's fees against Farmers.

**WHEREFORE,** Plaintiff, Ali Faraj, dba 3900 Builders, demands judgment against Defendant, Ohio Casualty Insurance Co., as follows:

   A.   On Count I, judgment rendered in favor of Faraj declaring Ohio Casualty's Policy to be a valid, binding and enforceable contract, and declaring Faraj's rights to the stated insurance proceeds and benefits;

   B.   On Count II, an award of damages in an amount to be determined and believed to be in excess of Twenty-Five Thousand Dollars ($25,000.00);

   C.   On Count III, an award of damages in an amount to be determined and believed to be in excess of Twenty-Five Thousand Dollars ($25,000.00), as well as punitive damages and attorney's fees;

   D.   All costs and expenses incurred in this matter;

   E.   An award of reasonable attorney's fees; and

   F.   Any and all other relief this Court deems just and equitable.

Electronically Filed 10/07/2020 08:22 / / CV 20 938463 / Confirmation Nbr. 2089374 / CLJSZ

        Respectfully submitted,

        DINN, HOCHMAN & POTTER, LLC:

        /s/ Thomas A. Barni
        THOMAS A. BARNI (0064555)
        ANTHONY CIRRANELLO, JR. (0097924)
        5910 Landerbrook Drive, Suite 200
        Cleveland, Ohio  44124
        (440) 446-1100 – Phone
        (440) 446-1240 – Fax
        tbarni@dhplaw.com
        acirranello@dhplaw.com
        Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, Ali Faraj, dba 3900 Builders, hereby demands a trial by jury pursuant to the Ohio Rules of Civil Procedure.

        /s/ Thomas A. Barni
        THOMAS A. BARNI (0064555)
        ANTHONY CIRRANELLO, JR. (0097924)
        Attorneys for Plaintiff



David O. Boothe
Senior Property Adjuster II
740-502-5928
PO Box 515097
Los Angeles, CA 90051-5097

VIA EMAIL AND CERTIFIED MAIL/ELECTRONIC RECEIPT REQUESTED

**Personal & Confidential**

September 3rd, 2020

Mr. Ali Faraj d/b/a 3900 Builders
3900 Woodland Avenue
Cleveland, Ohio 44115

RE:     Loss Location:     4468-4470-4472 Pearl Road, Cleveland, OH 44109
        Insured:     Ali Faraj d/b/a 3900 Builders
        Policy Number:     BMO591831632
        Claim Number:     23766655
        Date of Loss:     12/27/2019
        Underwriting Co.:     The Ohio Casualty Insurance Company

Dear Mr. Faraj:

This letter is to inform you that The Ohio Casualty Insurance Company ("Ohio Casualty") has conducted an investigation as it relates to the fire loss sustained at your property located at 4468-4470-4472 Pearl Road, Cleveland, Ohio ("the Building"). We have completed our review of the information obtained during our investigation, including information provided by you or on your behalf. The following summarizes our position on the claim asserted.

The builders risk insurance policy issued to Ali Faraj d/b/a 3900 Builders provides coverage subject to the policy terms and conditions. Based on our investigation and review of the policy, there is no coverage available for your loss, and therefore, Ohio Casualty has made the decision to respectfully deny payment and any liability for the above-referenced claim.

## THE CLAIM

The Building consists generally of an unfinished basement, two separate commercial spaces on the ground level, and apartments on the second level. Your claim was for loss and damage caused by a fire that occurred at the Building on or about December 27, 2019. At the time of the fire, the Building was completely vacant and had been continuously unoccupied for well over a year before the fire. No rehabilitation or renovation work had occurred at the Building since July of 2018.

## THE POLICY

The policy provides builders risk coverage in pertinent part as follows:

### PROPERTY COVERED

"We" cover the following property unless the property is excluded or subject to limitations.

**Rehabilitation And Renovation** – "We" cover buildings or structures while in the course of rehabilitation or renovation as described below.

1. Coverage --

   a. **Existing Building** -- If coverage for Existing Building is indicated on the "schedule of coverages", "we" cover direct physical loss caused by a covered peril to an "existing building" while in the course of rehabilitation or renovation.

\* \* \*

Builders' Risk Coverage Rehabilitation and Renovation Coverage Form, IM 7054 05 07, p. 1 of 15 [bold in original].

The policy also contains the flowing Coverage Limitation, which was marked as applicable in the Schedule of Coverages:

### COVERAGE LIMITATION

(X) **Vacant Building--** "We" only cover a vacant "existing building" for _____ consecutive days from the inception date of this policy unless building permits have been obtained and rehabilitation or renovation work has begun on the "existing building".

( ) **Vacant Building Limitation Waived**

Commercial Inland Marine Declarations Schedule, Schedule of Coverages Builders' Risk – Rehabilitation and Renovation, Form IM 70 59 05 07, p. 13 of 36 [bold in original].

Further, the policy excludes coverage in pertinent part as follows:

### PERILS EXCLUDED

\* \* \*

2. "We" do not pay for loss or damage that is caused by or results from one or more of the following:

\* \* \*

    c. **Criminal, Fraudulent, Dishonest, Or Illegal Acts** -- "We" do not pay for loss caused by or resulting from criminal, fraudulent, dishonest, or illegal acts committed alone or in collusion with another by:

        1) "you";

        2) others who have an interest in the property;

        3) others to whom "you" entrust the property;

        4) "your" partners, officers, directors, trustees, joint venturers, or "your" members or managers if "you" are a limited liability company; or

        5) the employees or agents of **1)**, **2)**, **3)**, or **4)** above, whether or not they are at work.

    This exclusion does not apply to acts of destruction by "your" employees, but "we" do not pay for theft by employees.

    This exclusion does not apply to covered property in the custody of a carrier for hire.

Builders' Risk Coverage Rehabilitation and Renovation Coverage Form, IM 7054 05 07, p. 7 of 15 [bold in original].

## APPLICATION OF POLICY

In an effort to alert you to the basis of the denial of your claim, we list below the grounds under which our denial of all aspects of the claim is made under the policy. It is our intent to incorporate, by reference, all of the terms and conditions of the policy through this denial letter. Based upon the information available to date, the grounds for the denial under the policy, or under applicable law, with respect to the claim, include but are not limited to the following:

- The fire was intentionally set and there is evidence to establish that the insured was responsible for occurrence of the fire.

- The fire was caused by or resulted from criminal, fraudulent, dishonest, or illegal acts committed alone or in collusion with another by the insured, others who have an interest in the property, and/or others to whom the insured entrusted the property.

- The policy only provides coverage for an "existing building" while in the course of rehabilitation or renovation and the Building was not in the course of rehabilitation or renovation at the time of the fire or at any time during the policy period.

- The Vacant Building Limitation was not waived, and thus, there is no coverage for the Building because at the time of the fire it was vacant and no building permits were obtained for any rehabilitation or renovation work.

**EXHIBIT "A"**

Based on the above, we find no coverage and we have no liability under the terms and conditions of your policy for the loss, damages, and/or costs claimed in connection with your asserted claim and, therefore, deny your claim. In view of the absence of coverage, we make no comment relative to the amount of any loss or damage, but include those issues within the rights reserved.

If you have any questions about the content of this letter or the terms, conditions, and provisions of your policy of insurance, please do not hesitate to contact me.

The foregoing is not intended to waive any defenses that are now, or which may hereafter become available to us. The foregoing does not constitute a waiver of any term, condition, or exclusion of the insurance policy or any rights and defenses under the policy. We hereby expressly reserve all of our rights and defenses thereunder.

Please note that the policy contains the following additional condition:

### OTHER CONDITIONS

\* \* \*

10. **Suit Against Us** -- No one may bring a legal action against "us" under this coverage unless:

    a. all of the "terms" of this coverage have been complied with; and

    b. the suit has been brought within two years after "you" first have knowledge of the loss.

    If any applicable law makes this limitation invalid, then suit must begin within the shortest period permitted by law.

Builders' Risk Coverage Rehabilitation and Renovation Coverage Form, IM 7054 05 07, p. 13 of 15 [bold in original].

The Ohio Casualty Insurance Company expressly reserves its right to assert any and all other defenses that it may have to the above-referenced claim, even though not enumerated herein, as they become known to the Ohio Casualty or as its counsel may advise. Ohio Casualty does not waive or relinquish any of its rights or defenses under the policy of insurance or otherwise. Ohio Casualty has required and will continue to require strict adherence to all policy of insurance terms, conditions, and requirements.

Sincerely,

David O. Boothe
Senior Property Adjuster II
(P) 740-502-5928
(F) 888-268-8840